**Briston v. Borough of Rankin**
**Civil Service Commission**

C.P. of Allegheny County, no. GD 05-4780.

*Charlene R. McAbee* and *Cheryl R. McAbee,* for petitioner.
*John Means,* for respondent.
*Joseph G. Heminger,* for intervenor.

FRIEDMAN, *J.,* June 12, 2006—

## INTRODUCTION

The captioned matter originally filed at the indicated general docket number is in the nature of a *statutory appeal* and was eventually transferred to that docket while keeping its original GD number. (See order dated June 6, 2005, by the Honorable R. Stanton Wettick Jr., administrative judge of this court's civil division.) The statutory appeal was assigned to the undersigned for disposition.

## FACTUAL AND PROCEDURAL HISTORY

The appellant, Darryl L. Briston, is the former police chief of intervenor, the Borough of Rankin. He claims he should be reinstated with back pay for the period of March 16, 2004 to date. This seems a simple enough question, but there are a variety of unusual facts that give rise to unusual issues.

Briston was suspended without pay for 10 days as of March 16, 2004, then again for three days as of March 30, 2004, and then terminated as of April 24, 2004, for a

variety of alleged offenses. He appealed the termination (but not the suspensions) and while the matter was pending before the borough's civil service commission, he was found guilty in federal court of four felony charges apparently unrelated to the reasons for which he was terminated.[1] The guilty verdict was rendered on November 1, 2004, but he had not been sentenced prior to the commission's instant adjudication, which is set forth in its order of January 19, 2005. Since without the imposition of a sentence there is no "conviction," the commission was not able to apply the Confidence in Law Enforcement Act, 53 P.S. §§752.1-752.5, which *mandates* the termination of Briston upon *conviction*. The commission agreed at the time that the Act's mandate did not apply but nevertheless felt able to rule on all the pending charges and dismissed many but upheld three.

## DISCUSSION

Regarding the penalty imposed by council of termination, one member voted to uphold the penalty of termination, and one voted to change the penalty from termination to a one-year suspension. (See section at the end of their adjudication, titled "Penalties imposed by borough council.") The third member of the commission abstained.[2] The court will not discuss the charges

---

1. However, Briston contends that the animosity of the borough's mayor and council towards him led to the filing of those charges. See brief in support of Chief Darryl Briston's demand for full back pay and benefits, p. 3. The federal charges were filed in March 2004.

2. Another twist to this case is the fact that on April 28, 2004, additional charges were filed against Briston related to alleged conduct *after* the date of termination. The commission concluded it could con-

that the commission dismissed. The commission sustained the following charges:

### A. "Conduct Unbecoming an Officer, Neglect and Violation of Official Duty," As Described in Paragraphs 3, 7, 8 and 9 of Appendix III

Those instances involve Briston's alleged refusal to obey orders of the mayor and the council president regarding giving the mayor access to a bulletin board so he could be sure (per advice to him by the borough's solicitor) that a certain union petition had been posted. When the mayor was finally able, through other means, to view the bulletin board, he saw that the union petition had not been posted as required by the Pennsylvania Labor Relations Board.

### B. Picking Up a Police Vehicle From a Repair Shop While Not Authorized To Do So Because He Was Then on Suspension

### C. "Conduct Unbecoming of an Officer and Disobedience of Orders," As Described in Paragraph VI of Appendix IV of the Commission's Adjudication

That conduct was described as "Failure to return computer equipment to the Borough of Rankin." Briston had

---

sider those later charges as well because Briston, having filed a timely appeal to the commission, had the status of a suspended officer rather than one whose termination was final. See commissioner's adjudication, pp. 11-12.

allegedly been told repeatedly to return it and failed to do so. This was one of the post-termination charges filed on April 28, 2004, while Briston's appeal to the commission was pending.

## ISSUES ON APPEAL TO THE
## COURT OF COMMON PLEAS

Briston condenses his 11 issues raised on appeal to the court of common pleas into three main areas—the validity of the adjudication, the applicability of the Confidence in Law Enforcement Act, and the failure of the borough to have entered a *valid* termination order discharging Briston. We address these areas in reverse order below.

### 1. Whether the Adjudication Was Rendered
### by a Majority of the Quorum of the Commission

The powers and duties of the commission are set forth in 53 P.S. §46191 and in the Borough of Rankin Civil Service Rules. Section 2.3 of the Borough of Rankin Civil Service Rules states:

"Two members of the commission shall constitute a quorum and no action of the commission shall be valid unless it shall have the concurrence of at least two members."

Here the adjudication appears ambiguous, with both commissioners sustaining three of the charges, but differing on whether the appropriate penalty was a year's suspension without pay or termination. The question then becomes one of the power of the commission: may

it *impose* penalties or is it only to evaluate the *charges* made, with the penalty remaining one of borough *council's* discretion? If the commission has the power and the duty to impose penalties, there was clearly no "concurrence of at least two members" as to the penalty to be imposed. However, the Borough Rules show its power regarding the *imposition* of penalties is very limited.

Section 3.3(c) of the Borough Rules states:

"(c) In conducting the hearing, the commission's standard of review shall be to determine whether sufficient evidence has been presented to support the statutory reason for the disciplinary action. *If the commission finds that sufficient evidence has been introduced to support the charge, the commission shall not modify the penalty imposed unless it finds that the penalty imposed was arbitrary, discriminatory or an abuse of the discretion.* In considering the appropriateness of the discipline, the commission shall not substitute its judgment for that of the borough council or mayor. The commission may request post-hearing briefs, and shall issue a written decision containing specific findings of fact and conclusions of law within 60 days of the receipt of the hearing transcript."

Here, two of the three commissioners agreed that three of the charges were supported by sufficient evidence. None of them expressly or impliedly found that the penalty imposed was "arbitrary, discriminatory, or an abuse of discretion," although one commissioner nevertheless wanted to reduce the penalty to a one-year suspension. There was, therefore, a majority vote in

support of three of the charges. The issue for the court then is to review the record to see if there was sufficient evidence presented *to the commission* regarding those three charges.

A review of the transcripts for the hearing of May 5, 2004 and June 16, 2004 reveals that there was ample evidence presented to support the charges. The issues of credibility were for the members of the commission. The evidence in support of the three charges was more than sufficient.

### 2. Whether the "Confidence in Law Enforcement" Act Applies

Briston asserts that the commission did not properly accept the borough's supplement to the record after the hearings were over—submitting the jury verdict, but no "conviction," along with the reference to the Confidence in Law Enforcement Act.

The borough, on the other hand, argues that now the Act is certainly relevant and does apply. The borough also points out that if the commission's adjudication is upheld, the issue of the mandates of the Act become moot. As discussed above, the commission members upheld the charges and did not make the findings necessary to permit them to change the penalty. The question of the Act would seem moot. Even if it is not moot, however, upon any remand, the Act requires Briston's dismissal. Equity would require such a dismissal be nunc pro tunc. Therefore, no useful purpose would be served, even if otherwise appropriate, by remanding the matter to the commission.

### 3. Whether a Valid Termination Order Has Yet To Be Entered

Even though the mandates of the Confidence in Law Enforcement Act did not apply when the commission reviewed the termination, those mandates came into effect upon Briston's federal conviction on January 19, 2005. There is no merit to Briston's contention that his right to his salary continues beyond that date.

Even if we assume, arguendo, that the first two charges warranted only suspension, the third refusal to return the borough's computer in April 2004 (especially given the federal charges pending since March 2004) is ample grounds for termination. The maximum amount of back pay that might be warranted, had there not been sufficient evidence to support the charges, would be for approximately one month, from March 30 to April 28.

### CONCLUSION

The termination order of council is valid. The charges upon which it was based were not overturned by two of the three commission members and the commission's adjudication that three charges were supported by sufficient evidence is borne out by the record. The appeal of Briston to the court of common pleas must be denied. See order filed herewith.

### ORDER

And now, to wit, June 12, 2006, plaintiff's appeal to the court of common pleas is hereby denied for the reasons set forth in the accompanying memorandum in support of order.